# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NOELLE WRIGHT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:18-cv-00692-RDP |
| | ) |
| **LCI HOLDINGS, LLC, and** | ) |
| **KATE SPADE LLC,** | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendant Tapestry, Inc. (improperly pled as "LCI Holdings, LLC and Kate Spade LLC") ("Defendant"), by and through its counsel, FordHarrison LLP, hereby responds to the allegations in plaintiff Noelle Wright's ("Plaintiff") Complaint ("Complaint") as follows:

Except as admitted, qualified or affirmatively alleged in this Answer, Defendant denies each and every allegation in the Complaint.

## AS TO "INTRODUCTION"

Defendant denies the allegations in the unnumbered first paragraph of the Complaint except admits this paragraph purports to describe Plaintiff's claims, to which Defendant denies any and all wrongdoing.

## AS TO "JURISDICTION, PARTIES, AND ARTICLE III STANDING"

1.     Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1 and leaves Plaintiff to her proofs.

2.     Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 2 and leaves Plaintiff to her proofs.

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint and leaves Plaintiff to her proofs.

4.     Defendant denies the allegations in Paragraph 4 of the Complaint.

5.     Defendant denies the allegations in Paragraph 5 of the Complaint except admits it conducts business within the State of Alabama.

6.     Defendant denies the allegations in Paragraph 6 except admits its store is located at 225 Summit Boulevard, Birmingham, Alabama.

7.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and leaves Plaintiff to her proofs.

8.     Defendant denies the allegations in Paragraph 8 of the Complaint.

9.     Defendant denies the allegations in Paragraph 9 of the Complaint.

## AS TO "PLAINTIFF'S CLAIMS"

10. The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

11. The allegations in Paragraph 11 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

## AS TO COUNT ONE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III 42 U.S.C. § 12182(b)(2)(iv)
### (Architectural Barriers)

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

15. The allegations in Paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

16. The allegations in Paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to Plaintiff's future intentions and denies the remaining allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

21. Defendant denies knowledge or information sufficient to form a belief as to Plaintiff's actions within the store and denies the remaining allegations in Paragraph 21 (and all subparts) of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

## AS TO COUNT TWO
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
## TITLE III 42 U.S.C. § 12182(b)(2)(iv)
### (Practices, procedures, and policies denying equal benefits)

25. Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever and therefore denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

27. The allegations in Paragraph 27 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

28. The allegations in Paragraph 28 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

29. The allegations in Paragraph 29 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

30. The allegations in Paragraph 30 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

31. The allegations in Paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

32. The allegations in Paragraph 32 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

33. The allegations in Paragraph 33 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. The allegations in Paragraph 42 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

43. The allegations in Paragraph 43 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

## AS TO COUNT THREE
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT
### (Denial of Full and Equal Enjoyment)

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. The allegations in Paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

48. The allegations in Paragraph 48 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

49. The allegations in Paragraph 49 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

50. The allegations in Paragraph 50 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

51. The allegations in Paragraph 51 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

52. The allegations in Paragraph 52 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

53. The allegations in Paragraph 53 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

54. The allegations in Paragraph 54 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

55. The allegations in Paragraph 55 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

56. The allegations in Paragraph 56 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

59. The allegations in Paragraph 59 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. The allegations in Paragraph 65 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

## AS TO COUNT FOUR
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, TITLE III 42 U.S.C. § 12183(a)(1)
### (Failure to design and construct facilities for ADA compliance)

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. The allegations in Paragraph 67 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

68. The allegations in Paragraph 68 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

69. The allegations in Paragraph 69 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

70. The allegations in Paragraph 70 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

71. The allegations in Paragraph 71 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

72. The allegations in Paragraph 72 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. The allegations in Paragraph 78 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

### AS TO COUNT FIVE
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (Failure to Provide Website Accessibility)

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. The allegations in Paragraph 80 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

81. The allegations in Paragraph 81 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

82. The allegations in Paragraph 82 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

83. The allegations in Paragraph 83 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

84. The allegations in Paragraph 84 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. The allegations in Paragraph 93 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

## AS TO COUNT SIX
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### TITLE III (Failure to Provide Application Accessibility)

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. The allegations in Paragraph 95 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

96. The allegations in Paragraph 96 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

97. The allegations in Paragraph 97 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

98. The allegations in Paragraph 98 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

99. The allegations in Paragraph 99 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies all wrongdoing.

100. The allegations in Paragraph 100 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all wrongdoing.

101. The allegations in Paragraph 101 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all wrongdoing.

102. Defendant denies the allegations in Paragraph 102 of the Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

109. The allegations in Paragraph 109 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all wrongdoing.

## **GENERAL DENIAL AND SEPARATE DEFENSES**

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendant.

## THIRD SEPARATE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

## FOURTH SEPARATE DEFENSE

Upon information and belief, Plaintiff is not a *bona fide* visitor or patron of Defendant's store or user of Defendant's website who is seeking in good faith to have architectural barriers removed, but is a so-called "serial plaintiff" who, if she visited the Defendant's store or used Defendant's website, did so at the behest of her attorneys, solely for the purpose of providing a pretext for the commencement of this and other similar actions.

## FIFTH SEPARATE DEFENSE

Upon information and belief, the Complaint fails to state a claim upon which an award of compensatory damages, punitive damages, and/or attorneys' fees can be granted.

## SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrines of laches, waiver, misrepresentation, and/or unclean hands.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## EIGHTH SEPARATE DEFENSE

Upon information and belief, the allegation by Plaintiff that she intends to visit the Defendant's store at some point in the future is completely speculative and inadequate to state a claim for future injury.

## NINTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of collateral estoppel, issue preclusion and/or res judicata.

## TENTH SEPARATE DEFENSE

Upon information and belief, Plaintiff has not suffered any injury-in-fact as a result of any of Defendant's actions.

## ELEVENTH SEPARATE DEFENSE

If any architectural barriers exist in the Defendant's store, which is denied, they were in existence before the enactment and effectiveness of the ADA and their

removal, either by physical means or by alternative methods, is not readily achievable.

## TWELFTH SEPARATE DEFENSE

Any construction or renovations made to Defendant's store after the enactment of the ADA were performed legally and in compliance with ADA requirements.

## THIRTEENTH SEPARATE DEFENSE

The Complaint fails to sufficiently allege time or place as required by *Fed. R. Civ. P*. 9(f).

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she is not a qualified disabled person as recognized by law and, therefore, Plaintiff lacks standing to maintain this action.

## FIFTEENTH SEPARATE DEFENSE

Any claims relating to Defendant's website and/or mobile application are the subject of, and preempted by, previously filed litigation in another jurisdiction; therefore, the Court lacks jurisdiction over those claims which must be adjudicated in that first-filed civil action.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if Plaintiff is a qualified disabled person, which she is not, she requires no accommodation for her alleged physical limitations.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant engaged in good faith efforts to comply with all laws governing accessibility.

## EIGHTEENTH SEPARATE DEFENSE

Defendant acted in good faith and without malice, willfulness, recklessness or evil intent.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional defenses or claims which may become known during the course of discovery, and thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Separate Defenses.

**WHEREFORE**, Defendant requests that the Court:

a) dismiss with prejudice Plaintiff's Complaint:

b) deny each and every demand, claim and prayer for relief in Plaintiff's Complaint;

c) award to Defendant reimbursement for costs, including attorneys' fees; and,

d) grant such other and further relief as the Court deems just and proper.

Dated:  August 13, 2018    Respectfully submitted,

*/s/ Susan W. Bullock*
Susan W. Bullock
FORDHARRISON LLP
420 20th Street North, Suite 2560
Birmingham, Alabama 35203
Phone: (205) 244-5904
Facsimile (205) 244-5901
sbullock@fordharrison.com

Mark A. Saloman
FORDHARRISON LLP
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
(*Pro Hac Vice* motion to be filed)

*Attorneys for Defendant Tapestry, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 13, 2018, she electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following attorneys of record:

>Cassie Elizabeth Taylor
>Tracy Gwyn Birdsong
>L. Landis Sexton
>ADA Group LLC
>4001 Carmichael Road, Suite 570
>Montgomery, AL 36116
>
>Attorneys for Plaintiff

>*/s/ Susan W. Bullock*
>Counsel

WSACTIVELLP:9947004.1